# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ORTEGA, | CASE NO. 1:09-cv-01531 YNP GSA (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CSP CORCORAN, | (Doc. 1) |
| Defendant. | |

**Screening Order**

### I.     Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.    Plaintiff's Claims**

12         The events at issue in this action occurred at California State Prison Corcoran (CSP), where
13 Plaintiff is currently housed. Plaintiff claims that he was subjected to inadequate medical care.
14 Specifically, Plaintiff contends that he received inappropriate treatment for an eye injury that he
15 suffered in a fight. The sole defendant named in this action is Corcoran State Prison.

16         To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
17 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
18 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
19 another of a constitutional right, where that person 'does an affirmative act, participates in another's
20 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
21 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
22 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection
23 can be established not only by some kind of direct, personal participation in the deprivation, but also
24 by setting in motion a series of acts by others which the actor knows or reasonably should know
25 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

26    **A.    Eighth Amendment Medical Care Claim**

27         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
28 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

1  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
2  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
3  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
4  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
5  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
6  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
7  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
8  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
9  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
10 in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
11 make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely
12 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13 　　　　Any  disagreement Plaintiff may have with his treatment does not support a claim that his
14 constitutional rights were violated..  Neither "[a] difference of opinion between a prisoner-patient
15 and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin
16 v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), nor a difference of
17 opinion between medical personnel regarding treatment does not amount to deliberate indifference,
18 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

19 　　　　Further, Plaintiff refers to malpractice allegations.  "[A] complaint that a physician has been
20 negligent in diagnosing or treating a medical condition does not state a valid claim of medical
21 mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional
22 violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Jett, 439 F.3d at 1096.
23 In order to state a claim for relief for deliberate indifference, Plaintiff must name individual
24 defendants, and charge those defendants with conduct that constitutes deliberate indifference as that
25 term is defined above.  Plaintiff has failed to do so, and the complaint must be dismissed.  Plaintiff
26 will, however, be granted leave to file an amended complaint.

27 　　　　**B.**　　**Immunity**

28 　　　　The sole defendant in this action is Corcoran State Prison.  "The Eleventh Amendment

1  prohibits federal courts from hearing suits brought against an unconsenting state.  Though its
2  language might suggest otherwise, the Eleventh Amendment has long been construed to extend to
3  suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks
4  v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe
5  of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy,
6  Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).
7  The Eleventh Amendment bars suits against state agencies as well as those where the
8  state itself is named as a defendant.  See Natural Resources Defense Council v. California
9  Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor
10 v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a
11 state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community
12 College District, 861 F.2d 198, 201 (9th Cir. 1989).  CSP Corcoran is therefore immune from suit.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 19, 2010**                    /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE